```
             UNITED STATES DISTRICT COURT
              DISTRICT OF MASSACHUSETTS

Jeffrey L. Taylor,           )
          Plaintiff,         )
                             )
     v.                      )    C.A. No. 04-11802-EFH
                             )
Ally Fowler,                 )
          Defendant.         )
```

## MEMORANDUM AND ORDER

For the reasons stated below, plaintiff's complaint will be dismissed in thirty-five (35) days from the date of this Order, unless plaintiff shows good cause, in writing, as to why it should not be dismissed. In addition, plaintiff's motion for counsel is denied.

### ALLEGED FACTS

On August 16, 2004 pro se plaintiff Jeffrey L. Taylor filed a three page pro se complaint, an application to proceed without prepayment of fees, and a motion for counsel.

The complaint is confusing and vague. Plaintiff states that he resides at YMCA Central House in Cambridge, Massachusetts, where defendant apparently is an employee. Complaint ¶ 2. Plaintiff alleges that the defendant has engaged in "offensive behavior" "which has invaded the plaintiff's personal spaces in some of the common areas" of the YMCA. Complaint ¶ 5. Specifically, plaintiff appears to

claim that defendant has interfered with plaintiff's morning "personal grooming" activities. Complaint ¶ 5. The complaint provides no further factual details as to defendant's alleged actions. Plaintiff specifically contends that defendant's conduct has prevented him from enjoying full use of the YMCA, in violation of his civil rights under the Massachusetts Civil Rights Act, Mass. Gen. L. ch. 12 § 11I.

Plaintiff claims that this court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 11361. He seeks injunctive relief.[1]

## ANALYSIS

I. Plaintiff's Claims Are Subject To Preliminary Screening Pursuant To 28 U.S.C. § 1915

Plaintiff has sought permission to proceed in this action without prepayment of the filing fee. His complaint, therefore, is subject to the screening provisions of 28 U.S.C. § 1915. See 28 U.S.C. § 1915 (proceedings in forma pauperis). Section 1915 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), fails to state a claim on which relief may be granted, or seeks

---

[1] It appears that plaintiff may already have filed a similar action in Massachusetts Superior Court seeking the same relief. Complaint ¶ 5.

monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2).

Although pro se complaints must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), plaintiff's claims in this action are nevertheless subject to dismissal, as discussed more fully below.

II.  Plaintiff's Federal Claim(s) Are Subject To Dismissal As Lacking Any Arguable Basis in Law or Fact

To the extent, if any, that plaintiff intends to assert any federal law claims in this action, those claims are subject to dismissal as lacking an arguable basis in law or fact.  Quite simply, plaintiff's complaint does not appear to set forth any recognized federal cause of action.  The only federal statute cited by plaintiff is 42 U.S.C. § 11361.[2] That statute, however, relates to certain certifications that must be made by a grantee receiving federal affordable housing funds, and does not appear to provide plaintiff with any private cause of action.[3]  Moreover, plaintiff does not even

---

[2] I note that plaintiff does not cite § 11361 as the basis for this action, but rather, as a source of federal jurisdiction.

[3] 42 U.S.C. § 11361, entitled "Housing Affordability Strategy," states:

  Assistance may be made under this title [42 USCS §§ 11361 et seq.] only if the grantee certifies that it is following--
  (1) a current housing affordability strategy which has been approved by the Secretary in accordance with section 105 of the Cranston-Gonzalez National Affordable Housing Act [42 USCS § 12705], or
  (2) a comprehensive homeless assistance plan which was approved by the

3

allege that this statute has been violated by defendant.

To the extent, if any, that plaintiff intends to set forth a claim for violation of his civil rights pursuant to 28 U.S.C. § 1983, that claim is subject to dismissal because, <u>inter alia</u>, plaintiff has not alleged that the complained of conduct was committed by a state actor, as is required to state a claim under § 1983. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Perkins v. Londonderry Basketball Club</u>, 196 F.3d 13, 26 (1st Cir. 1999)(dismissal for lack of state action).

### III.    Plaintiff's State Law Claim Is Subject To Dismissal For Lack of Jurisdiction In This Court

It appears that plaintiff intends to assert a claim under the Massachusetts Civil Rights Act, Mass. Gen. L. ch. 12H-I, because he believes that defendant's interference with his personal grooming habits constitutes a violation of his civil rights. To the extent that plaintiff intends to assert such a claim, it is subject to dismissal because, in light of the dismissal of plaintiff's federal law claim(s), this Court declines to exercise supplemental jurisdiction over any remaining state law claim. It is clear that a federal

---

Secretary during the 180-day period beginning on the date of enactment of the Cranston-Gonzalez National Affordable Housing Act [enacted Nov. 28, 1990], or during such longer period as may be prescribed by the Secretary in any case for good cause.

district court may decline to exercise jurisdiction over such state law claims once the court has dismissed all federal claims. 28 U.S.C. § 1367(a)(3)(supplemental jurisdiction); United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966); Martinez v. Colon, 54 F.3d 980, 990 (1st Cir. 1995) (dismissal of state claim appropriate when no "legitimate" federal question remained in advance of trial).[4]

IV.  Motion for Appointment of Counsel

Plaintiff has also filed a motion for appointment of counsel. Under 28 U.S.C. Section 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). However, a civil plaintiff lacks a constitutional right to free counsel. DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991) (citations omitted).

In order to qualify for appointment of counsel, however, a party must be indigent and exceptional circumstances must exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights. Id. In determining whether there are exceptional circumstances sufficient to warrant the appointment of

---

[4] I note that diversity jurisdiction does not exist because both parties are residents of Massachusetts. Complaint ¶¶ 1-2. See 28 U.S.C. § 1332(a)(1) (diversity jurisdiction exists between citizens of different states and in case in which the amount in controversy exceeds the value of $75,000.00).

counsel, a court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself.  <u>Id.</u> at 24 (citations omitted).

The motion for counsel will be denied in this case because "exceptional circumstances" do not exist in this case, primarily because this action lacks merit and is ripe for dismissal.  Accordingly, plaintiff's request for appointment of counsel is denied.

CONCLUSION

ACCORDINGLY, for the reasons set forth above, it is HEREBY ORDERED that this action will be dismissed in thirty-five (35) days from the date of this Order unless plaintiff shows good cause, in writing, before that time as to why it should not be dismissed; and it is

FURTHER ORDERED that plaintiff's motion for counsel is denied.

SO ORDERED.

Dated at Boston, Massachusetts, this <u>24th</u> day of <u>August</u>, 2004.

<u>s/ Edward F. Harrington</u>  
UNITED STATES DISTRICT JUDGE