FILED
Clerk's Office
USDC, Mass.
Date 9-24-04
By _____
Deputy Clerk

UNITED STATES DISTRICT COURT
District of Massachusetts

| | |
|---|---|
| Jeff L. Taylor, *Pro Se* | CA 04-11802-EFH |
| *Plaintiff* | |
| - *against* - | Motion for Dismissal |
| Ally Fowler | |
| *Defendant* | |

SS:
County of :    Middlesex

Motion for dismissal is pursuant to response of Harrington, J., prompting, on the basis of 42 U.S.C.S. 11361 ff., non-specified clause in support of a civil action to address a tort on harassment.

The Plaintiff withdraws a civil complaint against the defendant, Ally Fowler, for the reasons below: Although contractual relation of DEFENDANT, as the service provider for a portion of the residence, and Defendant's employment relation thereto, has been undisclosed, there is no basis to advance an argument as to violations concerning the use of McKinney-Vento funds as they may be disbursed for the maintenance and building infrastructure for the Cambridge Family YMCA, as well as the management of facilities and

services utilizing such, if any, funding. That the defendant behaves differently toward the Plaintiff incidental to a letter/memorandum (text reproduced below) which declared use of areas of the building as segregated for the purposes of the programs and the programs' participants monitored by the Defendant and the Defendant's party, may mean that ownership of the building has decided a policy shift in the direction of the service provider, with respect to the service provider and not the hired building management services. Without the facts on the undisclosed contractual relationships with in the overall operations of the residence, to proceed further under the premises is too weak of an argument to uphold, except for the evidence on the face that the opponent, who has verbally harassed, and intimidated plaintiff, and who had made persistent challenge to exclude Plaintiff's use of common areas, where there has been a move to reclassify the use of the necessary rooms; in this instance, for the particulars of a rehab/drug interdiction agency or residential treatment service provider.

Content of Letter, S-C Management Corporation to Residents, October 14, 2003:

BEGINNING OF TEXT
=============================
Central House// 820 Massachusetts Avenue// Central Square// Cambridge, MA 02139-3296 //Property Management: 617 876-4626 // Fax: 617 876-4619 // Resident Services: 617 661-6413 // All Residents // Central House // RE: Restrooms. // Dear Residents: // Effectively immediately, we recommend that you please do not use the restrooms or showers on floors other than

your own. This building's renovation design (pursuant to restrooms and showers) accommodates the maximum number of residents per floor only. Anything in excess is problematic, both in terms of plumbing and general space per resident. Residents are intended to use bathrooms and showers that are located on the resident's respective floors. // As a reminder, please remember to promptly report any maintenance related problems to the Management Office, especially when problems or concerns are noticed in common areas, including restrooms and showers. // Thank you for your courtesy and prompt attention to this important matter. Please do not hesitate to bring your questions or concerns regarding the above to the Management Office. We are always here to answer your questions. // Sincerely, //[sign]//L[] C[] // Assistant Property Manager ///
===========================
END OF TEXT, LETTER

As the plaintiff, what is believed is that if there were to be any resistance offered to DEFENDANT's party, Plaintiff would incur physical damages, more drug treatment and ostracism. The defendant party's actions have been proferred only on the basis that Defendant's party exercises prerogative to prohibit use of common areas that are not expressly given as a right to the plaintiff, irrespective of what ever plaintiff was granted when taken through an orientation tour at the time of considering newly renting a unit at the Cambridge Family Y.M.C.A., in November 2000. It is implicitly understood as well, that the prerogative of the defendant party's *commercial interests* may from time to time have policy adjustments made with respect to the use of the building facilities, and this may be irrespective of the intent of funding provided for building operations, weekends and evenings included, as is stated by

use authorized by the Secretary for applicants under the Stewart B. McKinney assistance funds, and the McKinney-Vento Homeless Assistance Act.

September 24, 2004. I, Jeffrey Taylor, state and depose the above; under the pains and penalties of perjury this instrument, and attached affidavit, is attested for truth and for accuracy, for consideration of this motion,

_____          _9/24/04_____
[ Signature ]                      [ Date ]

Jeffrey Taylor
PO Box 391701
Cambridge, Massachusetts 02139

Voice Mail: 617.876.2858, x216