FILED
IN CLERKS OFFICE

2005 FEB 17  A 11: 03

U.S. DISTRICT COURT
DISTRICT OF MASS.

FIRST CIRCUIT UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Jeffrey Taylor, *ProSe*<br>    *Plaintiff*<br><br>verses<br><br>Ally Fowler,<br>    *Defendant* | CA04-11802-EFH<br><br>Affidavit and Misc Filing<br>Incident Two 11 Feb 2005 |

An Affidavit to address the FIRST incident Feb 11, 2005 with Miscellaneous Documentation regarding the living arrangements in Cambridge, Massachusetts with respect to the Cambridge Family YMCA Affordable Housing Partnership, LLC., related to defendant in capacity of the defendant and defendant's party to receive advisement and directions from management in operation of funds for housing subsidized by housing agency authorized by McKinney Vento.Act.

Plaintiff's party at the Cambridge Family Young Mens' Christian Association: in employment there with the property management company S-C Management

February 17, 2004                                                                                   1/3

Company, Inc., is the senior property manager in which the job facilitates the operation of the residential aspect of the Cambridge YMCA, and acts as an agent of the owner of the Cambridge YMCA, and is representative of the housing agency in the administration of resources to provide residents a place to reside. The attachment appended hereto contains a copy of an eleventh of February 2005 email sent to Kevin Braga, the senior property manager, via lycos.com, a home mail account.

The reference to the fourth floor dedicated shower room is a place where Plaintiff would shower, and up to the beginning of the year 2005, PLAINTIFF was the object of a scheme of behavior modification initiated by actions of the DEFENDANT. Reference acts are those in which plaintiff has on occasion to notice of spoliated environments which have been the result of actions made in the shower stall in which the plaintiff frequently used. In particular there have been several times, in a span of weeks, that nose deposits have been left on the shower partitions of stall where plaintiff maintained the position of the shower curtain. In numbers, possibly as many as ten nose bugers have been there, and not cleaned in weeks at a time. The unknown person(s) attempting to ruin and spoiliate the

environment, the Plaintiff believes, have made this known and to adversely affect the behavior of the plaintiff. The sputum in questioin on the notice of the document attached hereto had blood traces mixed in with it on the handle of the shower controls.

*I, Jeffrey L. Taylor, state and depose for the purposes of this record the preceding content and attachment with an attestation for the truth and accuracy, and for true copy, of the provisions herein this 17th day February 2005.*

_____
*[ signature ]*

**From:** "jeff taylor" <jtaylori@lycos.com>
**To:** kbraga@lycos.com
**CC:**
**Subject:** HOUSEKEEPING feb 11
**Date:** Fri, 11 Feb 2005 10:26:27 -0500

good morning, kevin,

last check with the shower stall in the second floor this morning, i came upon a cleanup chore.

this is not an alert to bioterrorist activity, but i hope someone will clean the human sputum from the handle of the shower control. this is not as bad as those occasions sometimes that have transpired on the dedicated fourth floor shower room, but is just as unclean and disgusting to have to put up with.

    jeff

        resident #02016

--

Find what you are looking for with the Lycos Yellow Pages
http://r.lycos.com/r/yp_emailfooter/http://yellowpages.lycos.com/default.asp?SRC=lycos10

