FILED
IN CLERKS OFFICE

2005 FEB 17 A 11:03

U.S. DISTRICT COURT
DISTRICT OF MASS.

FIRST CIRCUIT UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| Jeffrey Taylor, *ProSe*<br>*Plaintiff* | ) ) ) ) ) | CA04-11802-EFH |
| verses | ) ) ) | Affidavit and Misc Filings<br>Incident 11 Feb 2005 |
| Ally Fowler,<br>*Defendant* | ) ) ) ) | |

An Affidavit to address 11 FEB 2005 incident and Affidavit filings on Miscellaneous Documentation regarding the living arrangements in Cambridge, Massachusetts with respect to the Cambridge Family YMCA Affordable Housing Partnership, LLC., related to defendant in capacity of the defendant and defendant's party to receive advisement and directions from management in operation of funds for housing subsidized by housing agency authorized by McKinney Vento.Act.

---

Plaintiff's party at the Cambridge Family Young Mens' Christian Association: in employment there with the property management company S-C Management Company, Inc., is one activities assistance in which the job facilitates the activities of the residents, and acts a coordinator. The attachment appended hereto contains a fragment of a bulletin,

which is a for-sale notice, that Plaintiff interceded on an occasion dated for the tenth day of January 2005, with respect to impending special inspection (scheduled January 11, 2005) the Cambridge YMCA residence was to be reviewed as announced by the company in a memo for date and times of the special inspection, following an inspection for the premises by the housing agency within a span of a month or so.  PLAINTIFF in this case wrote an apology to the advertiser for damaging the sign, and also plaintiff left the notice in place on the elevator lobby bulletin board after photocopying and removing the corner section.  This part of the sale notice is the left corner and is attached on the paper in the AFFIDAVIT.  At the lower margin of the SALE notice there was written five days, or thereabout, before, something of reference to the Plaintiff's own material, Specifically, here what is written in hand penmanship is "Rm 216 Better."  Then somewhere about January 6 or seventh of this year, another hand written graffito [made on the right side of the page, not displayed here] was appended to the writing on the left corner, such as in a continuation.  The poster of this notice has

resided in room #300, and has used the elevator lobby to advertise, at least through the Months of November and December 2004.

PLAINTIFF made sure that the Resident Services Coordinator, appended to the property management offices, received a facsimile of the orange marker writing plaintiff made on the personal advertisement. Kristen, the Resident Services Coordinator, had the copy in her office, which is situated at another entrance to the elevator lobby, and could use it as easy reference for any questions asked.

INCIDENT: 5:00 p.m. at the 3rd floor common room, TV room, on February 11, 2005. Resident of #300 and advertiser of the sign with the orange writing on it was watching the television from a sofa, and accosted the Plaintiff in this case, "someone said that you," go about and destroy, remove and take down signs, and he wrested in the seat and said more to the effect that his signs were being removed from the [bulletin board in the elevator lobby]. PLAINTIFF is aware that, like the DEFENDANT, John has been employed in the human

services field, and has been employed locally in Cambridge at the shelter in Central Square, and has been in supervisory positions similar to the Defendant of this action.  John continued to stir in the chair and verbally assaulted the PLAINTIFF, ". . . if you do this . . . I'll damage you.  I'll damage you and you won't be able to recover."  PLAINTIFF firmly stated that he believed that the level of threat expressed here far exceeded the trouble that I may have caused him.  John got up and hobbled on his crutches, and was steadying himself in front of the new 52 inch television plaintiff was momentarily viewing.  When plaintiff said this to him, John twice said "I will damage you," and twice said, "DON'T threaten me," "You don't threaten me" like that.  PLAINTIFF left the room, it was after hours and the management office has closed for the weekend.

Plaintiff states here that in a period spanning the complaint of John's by months on either side, that Plaintiff has also lost paper advertisements placed on the bulletin boards.  Plaintiff has been in a routine of replacing the stolen advertisements on a daily basis on some weeks before discontinuing

advertising on or about December 24, 2004. The writings and marks that have been placed on plaintiff's signs have been similar to the one in which the PLAINTIFF's apartment address had been written in on John's advertisement. Kristen or her co-workers inn the office has, Plaintiff believes, shared this information with the person in room #300 who verbally assaulted and threatened plaintiff on February 11, 2005.

Plaintiff also states that John, at residence #300, at the YMCA, has been motivated to subject whomever he may believe has been causing him trouble with taking his signs down from the bulletin boards. Plaintiff believes that the unknown person(s) attempting to influence John, also know(s) John to be a person who is easily aggravated into behavior that may, or may not be controlled. It is also assumed that since the person here in room #300 has worked with human services, it may as well be possible that another person, or some entity, has employed his service to run a risk assessment, as though DEFENDANT's behavior could be explained in the same terms if the defendant's actions cited in the previous

filings with this civil action were considered from this view. A telephone call placed that same evening with the party in room #300 at the Cambridge YMCA, with a recorded message addressing what had transpired at 5:00 p.m., has not been returned, nor effort been noticed to communicate about the message.

*I, Jeffrey L. Taylor, state and depose for the purposes of this record the preceding content and attachment with an attestation for the truth and accuracy, and for true copy, of the provisions herein this 17th day February 2005.*

_____
[ signature ]

2 inp
view be
         the

                $
              Rm.