FILED
IN CLERKS OFFICE
2005 SEP 28 P 4: 33
U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT

[illegible]

Jeffrey Taylor, *ProSe*
*Plaintiff*

— *verses* —

Kevin Braga,
*Defendant,*

S-C Management Corporation,
*Defendant,*

Cambridge Family YMCA
Affordable Housing LP,
*Defendant*

[illegible]
28 September 2005

Commonwealth of Massachusetts
County of Middlesex

[illegible]

1. PLAINTIFF has in this fourth week of September 2005 had the intrusion of an unknown party into the SRO, which the

plaintiff occupies. These persons, or persons unidentified, have come to inspect the premises, FOCI of which are the printer, destroyed August 21, 2005 (working before attending the MIT's computer Swap Fest, but not afterwards – The electronic circuitry of the HP DeskJet printer has been corrupted by unknown processes). An attachment supplied for this AFFIDAVIT portrays the waste of paper the plaintiff has on hand for use in the paper tray. Here, there are formerly 27 blank pages on which the activity of the trespassers has been spent on printing (all the paper in the print tray at the time). It is unknown whether the HP DeskJet in the plaintiff's residence is the printer where these pages had been marked for computer output September 23, 2005, in the morning exactly at the time while the Plaintiff was away at a FOOD-pantry. The sheaf of printout had been laid upon the chute of the tray, and in reverse print direction for the Plaintiff to discover. Since the printer is non-functional from several operating systems, plaintiff surmises that the electronics of the printer, and not the software of the computer output, have been corrupted, so therefore it is conjectural that the printing done the morning of 9/23 was performed upon the Plaintiff's HP DeskJet. Although the machine language in print form here describes the content of a "print" garbage-job, the plaintiff cannot rule out the possibility of another printer causing the layout of the work done 9/23/05. The plaintiff cannot determine if another computer has been transported to the printer set-up in #216 to use the cable attachment to the HP printer plaintiff uses. The reason the printer may not function may be due to activities such as this; attempting to print with an incompatible operating system from a portable computer, or an OS that has been incorrectly configured to print at PLAINTIFF's print station.

2. Item deposit: Printout: 26-page EVENT REPORT for the Plaintiff's secondary computer. Because of problems experienced in software operation with Microsoft Works Suite 6.0, and Money 2001, OEM software accompanying purchase of new HP computer in 2001, which both had been installed on plaintiff's primary backup computer in June 2005, the hard drive was prepared to be reformatted. Plaintiff performed the backup of software material necessary for this to transpire, and reformatted a partition on the 30GB Maxtor drive purchased December 2003 from the MicroCenter.

The event report does not reveal activity of access, or of hardware use at the time of the system corruption, of violations that would account for the Program Folder properties being set and maintained at "READ-only." However, the new disc vol. 1E32-07E3 on the original partition for

W2Kpro is registered with 19,235 Mbytes total volume space. On September 15, 2005, Check Disk reports that 19,697,288KB of 19,697,296KB disk space in FAT32 are available for use. A year prior, 07/14/2004 when Volume DELL_200 was known as SN 0804-2DB7 this FAT32 drive was characterized with 19,726,160KB total disk space. There are 28.86 Megabytes in difference. If we factor in a change to NTFS formatting and perform a disk check, as has been accomplished in June 2005, the Disk Checker reports 38.524 megabytes of space that is unaccounted for on that reading and an NTFS volume of 19,735,820KB this June. The disk reports of 19,735,820KB in the NTFS CHECK-DISK 22 August 05 differ from the measure with the FAT32 DOS volume creation of 19,235.64MB volume on 16 September 2005. This discrepancy is 500,180 Kb of disk space unaccounted for. That is five-hundred MB. A serial number 185B-FAAF is the volume check, March 20, 2005 and is consistent from the changeover of discs and migration of the operating system, but not contiguous in the existence of the c: volume first disk partition.

3. On 21 September 2005, while the Plaintiff was away from the residence of 820 Massachusetts Avenue, Cambridge, Massachusetts, 20139 and entry occurred in the premises constituting the residence of the Plaintiff. The trespassers have entered and torn a freshly purchased loaf of bread. The marks on the wrapper of the hot dog buns, those from a tool of some variety, appear to be very similar to the marks, in size and conformity of impression made in the plastic, to other tool marks in the food wrappers with the other vandalism plaintiff has experienced (q.v., prior affidavits). See attached copies of photo imagery for details: in conjunction with the sales receipt of material purchase.

4. Unknowns have distributed a copy of brochure of guidelines from organization of Boston, received August 17. Attached is a facsimile representation.

I, Jeffrey L. Taylor, state and depose for the purposes of this record the preceding content and under the penalties of perjury attest to the truth and to the accuracy, and for any of the true copy of material attached, of the provisions herein, this 28th day September 2005.

______________________________
[ signature ]

Jeff Taylor
______________________________
[ printed ]