**UNITED STATES DISTRICT COURT**
District of Massachusetts

|  |  |
|---|---|
| Jeffrey Taylor, *ProSe*  *Plaintiff* | ) ) ) ) Post CA—04-11802 ) ) **AFFIDAVIT** ) **28 MARCH 2006** |
| - verses - | |
| Cambridge Housing Authority  *Defendant,* | ) ) ) |
| Central House, YMCA, Residence, and CHA-member  *Defendant,* | ) ) ) ) |
| S-C Management Corp.  *Defendant* | ) ) ) |

FILED IN CLERKS OFFICE
2006 MAR 29  A 11: 46
U.S. DISTRICT COURT
DISTRICT OF MASS.

Commonwealth of Massachusetts
County of Middlesex

---

PLAINTIFF resides in building at 820 Massachusetts Avenue, No. 216, Cambridge, Massachusetts 02139, the location subject to the party of the defendants, who control leased housing under government subsidy program, USDHUD, to the Cambridge YMCA. Although procedural docketing requires a minimum of four copies of any bill of complaint or issue, today, a single copy will suffice for copies of the demand for rental payments (the money held in account of plaintiff has been marked for education, and administrative expenses for the generation of income), and re-certification notice for the spring adjustments (there is absent income, so there is basically no change in earnings, nor has there been a change in income). Until Plaintiff has resolved printing and office supply problems, a single copy has been available for recordation of housing issue, mindful w.r.t. criminal activity relative to Plaintiff. The theft of the control of the apartment is

also an act defendants hope to achieve in the administration of the housing rules. The Cambridge Housing Authority, 675 Mass Ave., Cambridge, MA funds the administration of the Family YMCA Affordable Housing Partnership, which runs the facilities at the address above.

Attachment one. March 27, 2006 letter of S-C Management company employee Antonette LaRosa. It is a demand of rental arrears, non-payment by plaintiff is cited for an intended eviction action.

Attachment two. March 2006 newsletter of YMCA residential staff coordinator and social worker, employed by the S-C Management Corporation. Note in the announcement of the computer resources currently on hand formerly in care of Kristen.

Attachment three. February 23, 2006 letter [original NOTICE] of contract administration personnel, Cambridge Housing Authority. John Cassama performs the assessment of income, and the variances by CHA-member housing residents, those holding section Eight housing rental vouchers.

Attachment four. January 10, 2003 extract of newspaper, *Patriot Ledger*. The story is of a California event involving the homeless and of politically guided street conflicts. As the plaintiff will note, this does not relate to food fighting, or what is known as food wars. It is not a war based on economics, but rather one in which economics for the poor are the motivators. It is a war in which tools of economics are at play. The politics of economics drive the perpetrators to behave in ways that are reprehensible to law. A braided belt is easily purchased in most cases, or, as in the plaintiff's argumentative case, as easily lost to politics.

[Attachment five. Digest of actions from CHA-member housing. This summary has been dated for February 27, 2006. It has not been submitted with handwritten filing.]

I, Jeffrey L. Taylor, state and depose for the purposes of the record the preceding content and under the penalties of purjury confirm the truth and the accuracy, and for true copy of any material attached, of the provisions herein 28th March 2006. We are permitted a single copy to work with, until circumstances dictate another course. [This is a print form of filing.]

_____
[ signature ]

Jeff Taylor

_____
[ printed ]

Sample Communications, CHA Related

March 13, 2001, complaint from S-C Management Corporation, AMO, Central House, 820 Massachusetts Avenue, " ... to the within named to quit and deliver up and to vacate as within directed." Brouillard, balance as of 03-13 = $351.00

October 11, 2001, complaint from S-C Management Corporation, AMO, Central House, 820 Massachusetts Avenue, " ... to the within named to quit and deliver up and to vacate as within directed." Brouillard, balance as of 10-11 = $566.00

December 9, 2002, complaint from S-C Management Corporation, AMO, Central House, 820 Massachusetts Avenue, " ... to the within named to quit and deliver up and to vacate as within directed." Brouillard, 12-9 balance = $25.00

February 7, 2003, complaint from S-C Management Corporation, AMO, Central House, 820 Massachusetts Avenue, " ... to the within named to quit and deliver up and to vacate as within directed." Brouillard, balance as of 02-07 = $25.00

July 14, 2005, complaint from S-C Management Corporation, AMO, Central House, 820 Massachusetts Avenue, " ... to the within named to quit and deliver up and to vacate as within directed." Braga, balance as of 07-14 = $50.00

February 15, 2006, complaint from S-C Management Corporation, AMO, Central House, 820 Massachusetts Avenue, " ... to the within named to quit and deliver up and to vacate as within directed." Braga, balance as of 02-15 = $25.00

Item:
Draft Letter of JLT to CHA:
"Please accept the enclosed seventeen certification forms for purposes of annual renewal of residence assistance.
"Some agency and office functions require mail submission, and will not accept materials for consideration that do not arrive by third party delivery methods.
"In the total absence of income from employers during the fiscal (November 2002—November 2003) I do not have the required postage to act in timely and effective manner to meet Cambridge Housing Authority scheduled time for completion of recertification, in this year.
"From the standpoint of legal disability of services from any employer, diverse employments, the material submitted for review may not be complete, as communications expenses have been beyond the means to accomplish these goals."  — submitted for review 12 November 2003 (CHA letter 10/21/03, for appointment November 11, 2003, which CHA rep failed to show)

Item:
Draft Letter of JLT 2001:
"PO Box 391701, Cambridge, MA  02139
"May 15, 2001
"Mr. John Cassama
"Cambridge Housing Authority
"19 Prospect Street
"Cambridge, MA  02139
'The calculations you have worked with this year, up to the point in late March were not based on actual income figures. Instead, upon formula derived on an earning projection.
"The enclosed information on payments I have received from employment show the last week for which I was payed [sic] for work and the most recent income period.
"Incidentally, the past pay period was in December 2000, where there are checks Jan 03, 2001, and December 28, 2000. The next pay period has check dated for May 05, 2001.
"Jeff Taylor"

Item:
Letter of JLT to Brouillard April 27, 2001, for attached $25 payment.

**February 27, 2006**                                                                                      **District Court, small claims**