# UNITED STATES DISTRICT COURT

FILED
CLERKS OFFICE

District of Massachusetts

2007 JAN 12  ⊃ 5: 02

U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |
|---|---|
| Jeffrey Taylor, *ProSe* | ) |
| *Plaintiff* | ) CA—04-11802 **EFH** |
|  | ) |
| - verses - | ) |
|  | ) |
|  | ) |
| Cambridge Housing Authority | ) |
| *Defendant(s),* | ) |
|  | ) |
| S-C Management Corporation, | ) **AFFIDAVIT** |
| *Defendant,* | ) |
|  | ) January 12, 2007 |
| Cambridge Family YMCA | ) |
| Affordable Housing, LP | ) |
| *Defendant* | ) |
|  | ) |
|  | ) |
| J. Doe / J. Doe, Defendant(s) | ) |
|  | ) |
|  | ) |

Commonwealth of Massachusetts
County of Middlesex

---

**Respecting Housing and Community Development Act of 1992, Documents filing
for January 2007, which reflect activity on habaes corpus and community
habitation. Defendants above hold position as residency providers violating rights
of single plaintiff, who depends upon residence funded by housing agency.
Plaintiff has contractural rights, established with above agencies, and functions,
but plaintiff has not been enabled to access full use of facility and to access his own
property, in the sense of full participation of community and the enjoyment of
usage.**

---

1.   PLAINTIFF letter of January 02, 200[7] to
property management agent has been received and

acknowledged by the party of the defendants.  The
reason for the notification to the management
office is in known absence of complaints of others
who use the same facility, but apparently are not
making voice heard.  Plaintiff also acknowledges
that spell checking and other refined program
options may not be fully functional, and so the
date is not current.  The computer plaintiff has
worked on has been compromised, and as of January
this year, indications why this is so may be
referenced in ScanDisk reports generated by
computer with a disk, 'HP_Pavilion'.  The second
portion of report shows that scandisk is
interrupted ten times in the thorough disk
checking done in the program, and then twice more
in the completion of a disk check.  Plaintiff runs
ScanDisk for repair and disk checking functions to
improve the performance.  The program in reference
on the report is "another program" that writes
data to the disk — AT THE TIME OF THE SCANDISK
OPERATION — which conflicts with disk checking.
The mention of the problem has been a part of the
operating system since Plaintiff has purchased the
computer from Staples.  For disk checking,
plaintiff allows only *windows explorer* and *system-tray* to
run in the background with operating system.  The
"*another program*" running in the background is not

registered in the system services, and so does not appear in "running applications" window. This may relate to why dates do not automate, nor spell checking always automate.

2. Original document. December 28, 2006 letter of Michael J. Johnston to Plaintiff. Michael J. Johnston is the Deputy Director of Leasing and Occupancy with Cambridge Housing Authority, and is providing notice to complete applications for section eight housing, for prospective rentors who will be able to lease housing anywhere a section eight will be permitted. The notice is for briefing with housing agency personnel at 10:00 a.m., January 12, 2007, which the Plaintiff has been invited, but not granted right to participate.

3. Letter of Jeff Taylor to Michael Johnston, dated for December 20, 2006. Copy of submitted thank you letter, and conformed for documentation. When Plaintiff did not obtain permission to view his own file on record with housing agency through John Cassama, leasing officer in charge of YMCA / Central House leasors, Plaintiff telephones Michael Johnston to ask of complaint inputs. Plaintiff asks over voice mail, which procedures

to follow when access to records are denied by
housing agency staff.  Michael Johnston has
responded in a few days, with voice mail to
Plaintiff on the theme of "We consider your
application completed" at that time with the file
in hands of Claire Edouard.  Specific responses to
Plaitiff's questions are unanswered.  Plaintiff
has drafted the thank you letter in the offices
reception area.  Plaintiff registers the complaint
that the application is not complete, and that
access to the records needed to complete the
application are on file with John Cassama.  On
January 12, 2007, while plaintiff was with the
housing agency, the Plaintiff has made an
appointment to view his records, and obtain the
necessary records to complete the regular process.
The certificates for social security and birth
have already been established with the housing
agency, and are out of the plaintiff's access at
the present time.  Plaintiff maintains a lock box
with a bank, and has not been able to access
records at the safety deposit.  Plaintiff is
severly inconvenienced by this measure of
security, and maintains that those conditions are
made known to the housing agency.  The defendants
in many ways contribute to the records being out
of Plaintiff's reach.  Plaintiff understands that

the defendant's strategy includes having records that are not in the reach of Plaintiff, and maintain this stance, or posture of denial.

4.  Letter of Plaintiff addressed to John Cassama requesting access to records held in offices at the leasing and housing occupancy.  The letter is dated November 21, and is made with the requests to the phone voice mail system at John Cassama's office number.  Plaintiff has not received a response, and is denied access to records.  The overall tone of John Cassama's attitude is that he has authority to withhold access to records. There is no acknowledgement of the request for records access.

5.  November 21, 2006 Letter of Plaintiff addressd to housing and leasing officer Claire Edouard, also of the Cambridge Housing Authority.  The letter acknowledges that Plaintiff does not have access to the required documents, and that alternate ways of certifying for the applciationi of section eight housing is sought.  The letter has been sent through electronic mail, and has since been removed from the email of the Plaintiff, as far as the Plaintiff can ascertain, at this time.  Plaintiff will eventually deliver

these documents for the application.   It is the
equivalent of crossing a border to economic
opportunity, which in the recent past has eluded
Plaintiff.   And at check points with housing
agency, the process has been stalled at every
available opportunity by defendants' actions.
This is an active process.   Plaintiff maintains
that rights and opportunties being allowed to
other applicants are ones which are ACTIVELY being
denied to Plaintiff.

6.   On January 12, 2007, Plaintiff attended the
CHA group session at the lobby to the CHA.   But
Plaintiff was denied access to briefing.
Plaintiff submitted new checking account
information: statement:   THROUGH 12-21-06

B 17 0 A P PA 17 0039283 was taken by leasing
personnel.

I, Jeffrey L. Taylor, state and depose for the purposes of
this record the preceding content and under the penalties
of purjury attest the truth and the accuracy, and for true
copy of any material attached, of the provisions this 12th
day January 2007.

_____
[ signature ]

Cambridge, MA

November 17, 2006

Hassan
Central House / YMCA
820 Massachusetts Avenue, No. 218

Hassan,

Good Day to you!  Does DeLL have a battery?

The Radio-Shack product which supplies reduced voltage
to your newly acquired DeLL Laptop
should be replaced, should you
wish to have power to the unit.

     Defect:

     -- Adapter input to
          chassis jack is broken

     -- Adapter input
          at the jack is missing
          lead which is required.

Best wishes,

Jeff Taylor

No. 216

Pick-up two cords, and the adapter on same day at about NOON>
DeLL laptop is handed to Hassan, but one of the tiny flathead, 2-56, 0.2in falls
onto the floor:  This is warning that loose screws and rattling on inside is incompatible
with printed circuit boards.  He must have someone open the laptop to check what is
rattling and unsecured on the inside.



**CAMBRIDGE HOUSING AUTHORITY**

675 Massachusetts Avenue, Cambridge, MA 02139 p 617 864 3020 / TDD 800 545 1833 x112 • f 617 868 5372 • w www.cambridge-housing.org

December 28, 2006

Jeffrey Taylor
PO Box 391701
Cambridge, MA 02139

Dear Jeffrey Taylor:

We are pleased to inform you that it appears you are income eligible for the Cambridge Housing Authority's Housing Choice Voucher (Section 8) Program. A briefing will take place on:

**Friday, January 12, 2007**
**10:00 am**
**AT**
**Cambridge Housing Authority**
**Department of Leasing and Occupancy**
**675 Massachusetts Avenue, Cambridge**

The purpose of the briefing is to explain the details of the program and to provide you with information and suggestions on how to successfully locate an apartment. You will also be issued a voucher subsidy at this briefing.

All prospective participants for the program must attend this briefing. It is a group session and the time is not flexible. *If you fail to attend without making prior arrangements for an alternative date and time, your name will be removed from the waiting list*. The session will last for approximately 2 hours and you must attend the entire briefing. Due to the length of the session and the number of participants, please do not bring children or any unnecessary family members.

If you have any questions or need to reschedule, contact Claire Edouard at (617) 497-4040, extension 411.

Sincerely,

CAMBRIDGE HOUSING AUTHORITY

Michael J. Johnston
Deputy Director
Leasing and Occupancy

*Equal Housing Opportunity*

Central House / YMCA
820 Massachusetts Avenue, No. 216

January 02, 2006

Antonette LaRosa
S-C Management Company
CENTRAL HOUSE / YMCA
820 Massachusetts Avenue
Cambridge, MA  02139

Dear Antonette LaRosa,

Over the holiday weekend, all overhead lights of shower
stalls are broken/stolen.  The last occasion time full lighting
available in second floor bathroom showers was November 6.

Also of note is that in the same period both toilets and
urinal were backed up and would not flush their contents.  These
have also been opened at other times over the weekend, so there
may not be blockages in the toilets themselves.

December 05, Kristen said she would write it down, and a
notice about the shower-wand/hose attachment, which is used in
the handicap shower and has been missing many months.  On
December 08, 2006, Ed took a reminder of the same problems of
missing/stolen/broken lights over the showers, and shower hose
taken.

Sincerely,

Jeff Taylor
  Resident

SCANDISK
```
******************
```
Microsoft ScanDisk for Windows

NOTE: If you use an MS-DOS program to view this file, some of the characters
may appear incorrectly. Use a Windows program such as Notepad instead.

Log file generated at 22:18 on 1/4/2007.

ScanDisk used the following options:
  Standard test
  Check dates and times
  Automatically fix errors

Drive HP_PAVILION (C:) contained the following errors:

ScanDisk did not find any errors on this drive.

-------------------

```
******************
```
Microsoft ScanDisk for Windows

NOTE: If you use an MS-DOS program to view this file, some of the characters
may appear incorrectly. Use a Windows program such as Notepad instead.

Log file generated at 22:35 on 1/4/2007.

ScanDisk used the following options:
  Thorough test
  Check dates and times
  Automatically fix errors

Drive HP_PAVILION (C:) contained the following errors:
Restarted 10 times because another program wrote to this disk.

Restarted 10 times because another program wrote to this disk.

Restarted 10 times because another program wrote to this disk.


ScanDisk did not find any errors on this drive.

-------------------

```
******************
```
Microsoft ScanDisk for Windows

NOTE: If you use an MS-DOS program to view this file, some of the characters
may appear incorrectly. Use a Windows program such as Notepad instead.

Log file generated at 06:06 on 1/5/2007.

ScanDisk used the following options:
  Standard test
  Check dates and times
  Automatically fix errors

Drive HP_PAVILION (C:) contained the following errors:

ScanDisk did not find any errors on this drive.

Dec 20, '06

CHA — Michael Shuster
  Cong; Certif²

Mr Shuster,

Thank you for your telephone message
received yesterday, declaring a "completed
status" on application of the application
on file with ?                    Sec 8

Claire Edouard

It is assumed, that the application
is not complete at this time. Outstanding
for cert./review are several forms I
hold, and will be inputing this week.
    Quality — review aside, I have been
somewhat obligated to complete a
application with zero-income packet
declaration (certified statement/declaration).

Sincerely

Jeff Taylor

JT

802 Mass Ave, No. 216
CAMB , MA 02139
617.918.7873

November 21

John Casesa ✓

The records in your

file cache (contain)

information I

require access

of, the sooner

the better.

617-918-9823

I value where I

have possibly issue

may view the files

Please ...

[  PO Box 391701
Cambridge, Massachusetts  02139-1701  ]

November 21, 2006

Dear Claire Edouard:
Cambridge Housing Authority
675 Massachusetts Avenue
Cambridge, MA  02139

Dear Claire Edouard:

The matter of outstanding materials is closed today with the
submission of the miscellaneous statements
that outlie those income sources through the government
funding pools.

Please find attached verification of assets statement and self-
employment (volunteer) summary.  These statements may be
superfluous outside of the ordinary financial state, however, as
they contribute for the  purposes of the housing agency today,
they are included.
I have a blank budget confirmation statement, but this is not
possible to assemble.

Sincerely,

Jeff Taylor

Attachments:
      Income statement
      zero account

{  CONFORMED COPY OF ELECTRONIC-MAIL WORD DOC ATTACHMENT  }